UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CALVIN PERREIRA, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CURTIS MORTIN ABORDO,<br><br>          Plaintiff,<br><br>     vs.<br><br>ADULT CLIENT SERVICES BRANCH, STATE OF HAWAII JUDICIARY, JOHN DOES 1-10, JANE DOES 1-10,  DOE CORPORATIONS 1-10,  DOE PARTNERSHIPS 1-10,  DOE NON-PROFIT ENTITIES 1-10,<br><br>          Defendants. | CIV. NO. 23-00066 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT FILED FEBRUARY 3, 2023, WITH PREJUDICE**

Before the Court is Defendant Adult Client Services Branch, State of Hawaii Judiciary's ("Defendant") Motion to Dismiss Plaintiff's Complaint Filed February 3, 2023, with Prejudice ("Motion"), filed on March 16, 2023.  [Dkt. no. 12.] Plaintiff Calvin Perreira ("Perreira"), Personal Representative of the Estate of Curtis Mortin Abordo ("Abordo"), filed his memorandum in opposition on April 12, 2023, and Defendant filed its reply on April 26, 2023.  [Dkt. nos. 18, 19.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local

Rules"). Defendant's Motion is hereby granted in part and denied in part.

This Court has assumed that Perreira's factual allegations are true for purposes of the instant Motion.[1] If what Perreira describes in the Complaint did in fact occur, then the State of Hawai`i ("the State") has done Abordo a grievous injustice. This Court regretfully is constrained by the constitutional mandate of the Eleventh Amendment and is required to dismiss Perreira's claim and foreclose him from proceeding against Defendant in federal court. However, Perreira may plausibly have a claim against Defendant in state court. Moreover, this Court fervently hopes that the State has investigated Perreira's contentions and, if his averments are in any way true, has remedied the shameful way Abordo was mistreated to avoid illegal imprisonment of individuals.

Defendant's Motion is granted, insofar as Perreira's claims in the instant case are dismissed, and insofar as the dismissal of his claims against Defendant is with prejudice. The Motion is denied, insofar as the dismissal is without prejudice to the filing an action against Defendant in state court, and insofar as Perreira is allowed to file an amended

---

[1] "[F]or the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

complaint in the instant case against any appropriate individual
defendant, in his or her individual capacity.

<u>**BACKGROUND**</u>

Perreira filed this action on February 3, 2023.
[Complaint, filed 2/3/23 (dkt.no. 1).]  The central allegation
of the Complaint is that, because of Defendant's actions and
omissions, Abordo was unlawfully imprisoned at Oahu Community
Correctional Center ("OCCC") for a period of eighty-one days
from February 11, 2017 to May 3, 2017.  Perreira alleges the
unlawful imprisonment caused Abordo to suffer both physical harm
and severe emotional distress.  <u>See</u> <u>id.</u> at ¶¶ 39-34.

**I.   Factual Background**

In 2004, following a no contest plea to a state
forgery charge, Abordo was sentenced to, *inter alia*, five years
of probation, which commenced on March 29, 2004.  <u>See</u> <u>id.</u> at
¶¶ 6-9.  A bench warrant was issued on April 14, 2005 after the
State of Hawai`i ("the State") filed a motion to revoke Abordo's
probation, but the warrant was not served on Abordo until
March 15, 2010.  [<u>Id.</u> at ¶¶ 13-14.]  Ultimately, the state court
dismissed the revocation motion but tolled Abordo's probation
period from the date the motion as filed until the date the
warrant was executed.  [<u>Id.</u> at ¶¶ 17-18.]  Abordo's amended
probation term was therefore scheduled to end on February 27,
2014.  [<u>Id.</u> at ¶ 19.]  Perreira alleges that, while Abordo was

3

on probation, "Defendant was responsible for monitoring [Abordo]'s compliance with the terms of his probation, including issuing a timely certificate discharging him from probation" when he completed his term.  [Id. at ¶ 11.]

According to the Complaint, Abordo received no further notifications from Defendant from date that his probation term was amended until February 27, 2014, and therefore he successfully completed his five-year probation term.  However, Defendant did not issue a certificate of discharge nor did Defendant file such a certificate with the state court. Perreira argues Defendant's failure to do so resulted in Abordo's unlawful imprisonment in 2017.  See id. at ¶¶ 21-24. On August 10, 2016, the State filed a motion to revoke Abordo's probation, based on an affidavit by Defendant alleging that Abordo violated certain terms of his probation on March 29, 2013, October 9, 2014, November 19, 2015, and May 12, 20216. See id. at ¶¶ 25-27.d.  Perreira argues that, before Defendant submitted the affidavit, "Defendant knew or should have known that the Amended Probation Period had expired years ago, so there was no probation to revoke," and "this later caused [Abordo] to be falsely arrested and falsely imprisoned for 81 days."  [Id. at ¶ 29.]

While responding to an unrelated report about Abordo on February 11, 2017, police officers discovered his alleged

4

probation violations and arrested him.  See id. at ¶¶ 33-36.
Because he was unable to post his bail, Abordo remained in
custody from February 11, 2017 to his May 3, 2017 return hearing
on the 2016 revocation motion.  See id. at ¶¶ 38-39.  At the
return hearing, the state court denied the 2016 revocation
motion, apologized to Abordo, and discharged him.  [Id. at
¶ 44.]  A certificate of discharge was filed in Abordo's forgery
case on September 1, 2017, stating he completed his term of
probation on February 27, 2014.  [Id. at ¶ 45.]

## II.  **Abordo's Prior Action**

On March 13, 2019, Abordo, proceeding pro se, filed
his "1983 Civil Rights Complaint for Illegal Detention Illegal
Restraint" in Abordo v. Hawai`i, Department of Public Safety,
CV 19-00130 DKW-RT ("CV 19-130").  [CV 19-130, dkt. no. 1.]  The
only defendant originally named in CV 19-130 was the State
Department of Public Safety ("DPS").  See id. at ¶ 2.  Abordo's
claims were based on the same factual allegations that form the
basis of the action currently before this Court.  See id. at
¶¶ 3-5.  Abordo was granted leave to amend as to some of his
claims.  See CV 19-130, Order (1) Granting Application to
Proceed Without Prepayment of Fees or Costs; and (2) Dismissing
Complaint in Part with Partial Leave to Amend, filed 4/10/19
(dkt. no. 4).

Abordo filed an amended complaint against DPS on May 3, 2019.  [Id., 1st Amended 1983 Civil Rights Complaint for Illegal Detention Illegal Restraint, False Arrest, filed 5/3/19 (dkt. no. 5).]  Abordo's amended complaint was dismissed without prejudice because he only asserted 42 U.S.C. § 1983 claims, and DPS is not a "person" for purposes of § 1983.  [Id., Order Dismissing First Amended Complaint with Leave to Amend, filed 5/24/19 (dkt. no. 7), at 1.]  Abordo was instructed that, if he wished to pursue his § 1983 claims, he had to "name as defendants the officers who committed the alleged acts in their individual capacities."  [Id. at 3.]

On June 10, 2019, Abordo filed his 2nd Amended Civil Rights Complaint for Illegal Detention Illegal Restraint, False Arrest.  [CV 19-130, dkt. no. 10.]  Abordo alleged DPS staff John Doe and Jane Doe were responsible for his unlawful arrest and detention.  [Id. at ¶¶ 2-3.]

On September 10, 2020, Abordo, represented by pro bono counsel, filed his Third Amended Complaint.  [CV 19-130, dkt. no. 39.]  The Third Amended Complaint named Defendants Jennifer Kudo ("Kudo"), Sumi Caldeira ("Caldeira"), and Sidney Nakamoto ("Nakamoto"), in their individual capacities.  [Id. at pgs. 1-2.]  Abordo's pro bono counsel was permitted to withdraw after the filing of the Third Amended Complaint.  See generally CV 19-

130, Order Granting Motion to Withdraw as Counsel for Plaintiff
Curtis M. Abordo, filed 10/23/20 (dkt. no. 48).

On February 17, 2021, Edmund M. Abordo, Abordo's
brother, filed a motion seeking leave to prosecute Abordo's
claims on his behalf.  See id., Permission to Prosecute My
Brother Curtis M. Abordo's Case as He Is Incapacitated and Is
Deathly Ill in the Hospital in Washington State This Motion is
Made Under Rule 17(c)(2), filed 2/17/21 (dkt. no. 68).[2]  On
April 12, 2021, Edmund Abord filed a "Motion for Mag Judge Rom
Trader to Issue an Order to Allow Edmund to Represent the Estate
of My Brother Curtis or in the Alternative Appoint Counsel."
[Id., dkt. no. 72.]  Attached to the April 12, 2021 motion was
Abordo's State of Washington Certificate of Death, which stated
Abordo passed away on February 27, 2021.  [Id. at PageID.244.]
The magistrate judge construed the April 12, 2021 motion as a
notice of suggestion of death and a motion to substitute Edmund
Abordo as a party in place of Curtis Abordo, and later denied
the motion.  See CV 19-130, EO, filed 4/16/21 (dkt. no. 73);
id., Order Denying Edmund M. Abordo's Motion to Substitute
Party, filed 7/13/21 (dkt. no. 86).

---

[2] The February 17, 2021 motion was denied in an April 16,
2021 entering order.  [CV 19-130, dkt. no. 74.]

On October 27, 2021, Perreira, as the Personal Representative of Curtis Abordo's estate,[3] filed a motion to be substituted as the plaintiff in the case.  [CV 19-130, Motion for Order Substituting Calvin Perreira, Personal Representative of the Estate of Curtis Mortin Abordo, for Plaintiff Curtis Abordo, filed 10/27/21 (dkt. no. 90).]  The magistrate judge issued an order granting Perreira's motion on November 1, 2021. [Id., dkt. no. 93.]

On May 13, 2022, Caldeira, Kudo, and Nakamoto each filed a motion for summary judgment.  [Id., dkt. nos. 107, 111, 113.]  On July 22, 2022, the parties filed a Stipulation for Dismissal of Plaintiff's Third Amended Complaint Filed on September 10, 2020 ("Stipulation").  [Id., dkt. no. 120.]  Thus, the hearing on the motions for summary judgment, the trial date, and all other dates and deadlines were vacated, and the case was closed.  See id., EO, filed 7/22/22 (dkt. no. 121).

**III. The Instant Case**

As previously noted, the Complaint in the instant case was filed on February 3, 2023.  Perreira asserts the following claims on behalf of Abordo's estate: a 42 U.S.C. § 1983 claim alleging Abordo was unlawfully arrested and imprisoned, in violation of Abordo's rights under the Fourth Amendment

---

[3] In CV 19-130, Perreira was represented by the same counsel who represent him in the instant case.

("Count I"); a § 1983 claim alleging violations of Abordo's
Fourteenth Amendment right to procedural due process
("Count II"); a § 1983 claim based on supervisory liability
("Count III"); a 42 U.S.C. § 1985 claim alleging that
Defendant's personnel conspired to violate Abordo's
constitutional rights ("Count IV"); a 42 U.S.C. § 1988 claim
seeking an award of attorney's and costs incurred in connection
with the § 1983 and § 1985 claims ("Count V"); an intentional
infliction of emotional distress ("IIED") claim ("Count VI"); a
claim alleging Defendant was grossly negligent in inflicting
emotional distress upon Abordo ("NIED" and "Count VII"); and a
claim seeking a declaratory judgment under 28 U.S.C. § 2201
("Count VIII").

        In the Motion, Defendant argues all of Perreira's
claims should be dismissed, with prejudice, because: they are
time-barred; Defendant is entitled to Eleventh Amendment
immunity; and, even the first two issues do not warrant
dismissal, he fails to plead cognizable § 1983 claims.  [Motion,
Mem. in Supp. at 2.]

**DISCUSSION**

I.   **Eleventh Amendment Immunity**

        "The ultimate guarantee of the Eleventh Amendment is
that nonconsenting States may not be sued by private individuals
in federal court."  Bd. of Trs. of Univ. of Ala. v. Garrett, 531

U.S. 356, 363 (2001) (citation omitted); <u>see also</u> U.S. Const., amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."). "It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." <u>Sato v. Orange Cnty. Dep't of Educ.</u>, 861 F.3d 923, 928 (9th Cir. 2017) (citation and quotation marks omitted); <u>see also</u> <u>P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 144 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (citations and internal quotation marks omitted)). As such, "[s]tates, their agencies, and their officials in their official capacities are immune from damage suits under state or federal law by private parties in federal court unless there is a valid abrogation of that immunity or an unequivocal express waiver by the state." <u>Monet v. Hawai`i</u>, Civ. No. 11-00211 SOM/RLP, 2011 WL 2446310, at *4 (D. Hawai`i June 14, 2011) (some citations omitted) (citing <u>Sossamon v. Tex.</u>, 131 S. Ct. 1651, 1658 (2011)). "A state generally waives its immunity when it voluntarily invokes [federal] jurisdiction or . . . makes a 'clear declaration' that it intends to submit itself to [federal] jurisdiction." <u>In re</u>

Bliemeister, 296 F.3d 858, 861 (9th Cir. 2002) (alterations in Bliemeister) (citation and internal quotation marks omitted).

The State has not waived of its sovereign immunity from § 1983 claims, and Congress did not abrogate state sovereign immunity when it enacted § 1983.[4] See, e.g., Sheikh v. Hawai`i Dep't of Hum. Servs., Civil No. 12-00701 DKW-BMK, 2014 WL 1322496, at *2 (D. Hawai`i Mar. 31, 2014) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989)). However, an "[e]xpress waiver is not required; a state waives its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity." Bliemeister, 296 F.3d at 861 (brackets, citation, and internal quotation marks omitted). For example, a state voluntarily invokes federal jurisdiction and waives its Eleventh Amendment immunity by removing to federal court a case that the plaintiff filed in state court. See, e.g., DW Aina Le`a Dev., LLC v. Hawai`i, Land Use Comm'n, CIVIL NO. 17-00113 SOM-RLP, 2017 WL 2563226, at *5

---

[4] Defendant argues Defendant is not entitled to Eleventh Amendment immunity, in light of Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). See Mem. in Opp. at 9. This argument fails because the Monell analysis applies to municipalities, and the State is not a municipality. Cf. Park v. City & Cnty. of Honolulu, 952 F.3d 1136, 1141 (9th Cir. 2020) ("A **municipality** may be held liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights." (emphasis added) (citing Monell, 436 U.S. at 694, 98 S. Ct. 2018)).

(D. Hawai`i June 13, 2017) (citing <u>Lapides v. Bd. of Regents of the Univ. Sys. of Ga.</u>, 535 U.S. 613, 624 (2002)), *rev'd and remanded on other grounds*, 834 F. App'x 355 (9th Cir. 2021).  In the instant case, however, Defendant has neither voluntarily invoked federal jurisdiction over Perreira's case, expressed an intent to submit itself to federal jurisdiction, nor engaged in any conduct that is inconsistent with its intent to preserve its Eleventh Amendment immunity.  Perreira cannot pursue his § 1983 claims, and his related § 1985 and § 1988 claims, against Defendant because its Eleventh Amendment immunity from such claims remains in effect.

To the extent that Perreira argues Defendant does not have Eleventh Amendment immunity from a claim under the Declaratory Judgment Act, <u>see</u> Mem. in Opp. at 11, that argument also fails.  This district court has stated,

> courts have repeatedly indicated that the Declaratory Judgment Act may not be used as an end run around claims that would otherwise not be available.  <u>See Alaska Dep't of Nat. Res. v. United States</u>, 816 F.3d 580, 586 (9th Cir. 2016) ("A claim under the Declaratory Judgment Act may not be used as an end run around the [statute's] limited waiver of sovereign immunity."); <u>see also C&E Servs., Inc. of Wash. v. D.C. Water & Sewer Auth.</u>, 310 F.3d 197, 201 (D.C. Cir. 2002) ("A judicial declaration telling [appellee] how to interpret the [statute] would constitute an end-run around Congress's clear intent that the Department of Labor interpret and enforce the [statute] in the first instance.  <u>Schilling [v. Rogers</u>, 363 U.S. 666 (1960)] teaches that the Declaratory Judgment Act does not authorize such

12

a result."). The result Plaintiff seeks here
would essentially create a new substantive right
to enforce statutory violations whenever they
cause harm, regardless of whether the legislature
intended to do so in enacting the statute. This
result is contrary to the Ninth Circuit's
explicit statement that the Declaratory Judgment
Act "does not create new substantive rights," see
Shell Gulf [of Mexico Inc. v. Ctr. for Biological
Diversity, Inc.], 771 F.3d [632,] 635 [(9th Cir.
2014)], and must therefore be rejected.

Iolani Islander, LLC v. Stewart Title Guar. Co., No. CV 16-00429

ACK-RLP, 2017 WL 11139924, at *8 (D. Hawai`i Nov. 7, 2017) (some

alterations in Iolani Islander). In the instant case,

Count VIII seeks a declaratory judgment that Defendant violated

Abordo's constitutional rights. See Complaint at ¶¶ 80-83.

Granting relief in such a claim would improperly create a new

substantive right to enforce the United States Constitution

against state agencies, which have Eleventh Amendment immunity.

Count VII therefore fails as a matter of law.

    Counts VI and VII assert state law claims. See id. at

¶¶ 69-79. "Although Hawaii has waived its sovereign immunity as

to some state tort and statutory claims, it has done so solely

with respect to state court actions." See Beckmann v. Ito, 430

F. Supp. 3d 655, 678 (D. Hawai`i 2020) (citations omitted); see

also Haw. Rev. Stat. §§ 661-1, 661-2, 661-3. Perreira cannot

pursue his IIED and NIED claims against Defendant because its

Eleventh Amendment immunity from such claims remains in effect.

All of Perreira's claims against Defendant must be dismissed because they fail to state plausible claims for relief.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007))).  Defendant's Motion is granted insofar as all of the claims in Perreira's Complaint are dismissed.

## II.  **Leave to Amend**

Defendant argues the dismissal of Perreira's Complaint should be with prejudice.  [Motion, Mem. in Supp. at 2.] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Hoang v. Bank of Am., N.A., 910 F.3d 1096, 1102 (9th Cir. 2018) (citation and quotation marks omitted)).  It is possible for Perreira to cure the Eleventh Amendment defect in his claims by naming individual defendants, sued in their individual capacity.  Cf. Seven Up Pete Venture v. Schweitzer, 523 F.3d 948, 952-53 (9th Cir. 2008) ("Generally speaking, 'a suit [brought] against a state official **in his or her official capacity** is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself.'" (alteration

14

in <u>Seven Up</u>) (emphasis added) (quoting <u>Will v. Mich. Dep't. of
State Police</u>, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45
(1989))).  However, Perreira cannot name Kudo, Caldeira, or
Nakamoto as defendants because he previously dismissed Abordo's
claims against them with prejudice.  <u>See</u> CV 19-130, Stipulation
at 2.

Defendant has argued the claims asserted in this case
are barred by the applicable statutes of limitations.  <u>See</u>
Motion, Mem. in Supp. at 4-5.  Perreira responds that the claims
are not time-barred because equitable tolling applies.  <u>See</u> Mem.
in Opp. at 6-9.  While Defendant has raised serious issues
regarding the timeliness of the claims Perreira brings on behalf
of Abordo's estate, this Court notes that it is clear Abordo and
Perreira on behalf of Abordo's estate have been pursing Abordo's
rights.  Further, the claims in the instant case allege serious
harm, including the deprivation of freedom and punishment for
being indigent.  For those reasons, and because this Court has
already dismissed the Complaint on Eleventh Amendment grounds,
this Court declines to address the statute of limitation
arguments at this time and grants Perreira leave to file an
amended complaint.

The Motion's request for dismissal with prejudice is
granted, insofar as Perreira cannot name the Adult Client
Services Branch, State of Hawai`i Judiciary, as a defendant, but

15

the Motion is denied, insofar as Perreira has leave to file an amended complaint against another defendants, specifically a state official, in his or her individual capacity, who allegedly violated Abordo's rights.  If Perreira files an amended complaint, the defendant or defendants may revisit the statute of limitations issue at the appropriate time.  Further, the dismissal of the Complaint is without prejudice to the filing of an action against the Adult Client Services Branch, State of Hawai`i Judiciary in state court.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss Plaintiff's Complaint Filed February 3, 2023, with Prejudice, which Defendant filed on March 16, 2023, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED, insofar as Perreira's Complaint, filed February 3, 2023, is DISMISSED, and insofar as the dismissal of Defendant Adult Client Services Branch, State of Hawai`i Judiciary, is WITH PREJUDICE.  The Motion is DENIED, insofar as the dismissal of the Complaint is WITHOUT PREJUDICE to the filing of an amended complaint against a new defendant or defendants, consistent with this Order, and insofar as the dismissal is WITHOUT PREJUDICE to the filing of an action against the Adult Client Services Branch, State of Hawai`i Judiciary in state court.  Perreira shall file his amended complaint in the instant case by **October 2, 2023.**

16

Perreira is CAUTIONED that, if he fails to file his amended complaint by **October 2, 2023,** the claims that were dismissed without prejudice in this Order will be dismissed with prejudice.

Because the claims against Defendant Adult Client Services Branch, State of Hawai`i Judiciary, have been dismissed with prejudice, the Clerk's Office is DIRECTED to terminate Defendant as a party on **September 15, 2023,** unless a timely motion for reconsideration of this Order is filed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 31, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

CALVIN PERREIRA, ETC. VS. ADULT CLIENT SERVICES BRANCH, STATE OF HAWAII JUDICIARY, ET AL; CV 23-00066 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED FEBRUARY 3, 2023, WITH PREJUDICE